**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ERVIN JOSEPH LAMIE,**
Plaintiff, Pro Se,

v.

**COMERICA BANK, et al.,**
Defendants.

Case No.

Hon.

**BRIEF IN SUPPORT OF COMPLAINT AND DETAILED STATEMENT OF DAMAGES**

---

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This Brief supports Plaintiff Ervin Joseph LaMie's Complaint for violations of constitutional rights under 42 U.S.C. § 1983, civil RICO under 18 U.S.C. §§ 1961–1964, fraud, conspiracy, quiet title, conversion, false imprisonment, defamation, intentional infliction of emotional distress, abuse of process, and related claims. The Complaint rests on three interlocking pillars:

(1) Comerica Bank never possessed the original promissory note or any valid chain of custody. Under controlling Supreme Court and Michigan authority (Carpenter v. Longan, 83 U.S. 271 (1872); Residential Funding Co. v. Saurman, 490 Mich. 909 (2011)), the mortgage is a nullity and every subsequent conveyance, order, and enforcement action is void ab initio.

(2) State-court judges entered and enforced possession and eviction orders after federal removal had divested them of jurisdiction under 28 U.S.C. § 1446(d). Those orders are void, not merely voidable. Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57 (2020).

(3) An association-in-fact enterprise of bank officers, title actors, attorneys, judges, court officers, police, prosecutors (whose offices are vacant under MCL 201.3(7)), and county officials coordinated to protect the note-less foreclosure, enforce the void orders, obstruct transparency regarding oaths and bonds, and retaliate against Plaintiff and those associated with him.

Plaintiff seeks compensatory damages measured at $1.00 per second for continuous deprivation of property interests beginning July 3, 2024, and $10,000.00 per day for continuous deprivation of liberty interests, together with the discrete $1,500,000 per-incident-per-defendant constitutional damages set forth in the Damages Breakdown and RICO Damages Brief, RICO trebling, punitive damages, injunctive relief, quiet title, and leave to join additional attorney-defendants.

## II. DETAILED STATEMENT OF FACTS SUPPORTING THE COMPLAINT

### A. Superior Recorded Interest and the Foundational Note Defect

Plaintiff holds a possessory, ownership, and financial interest in the real property located at 3705 S. Dangl Road, Muskegon, Michigan 49444 (the "Property") arising from: (a) a September 15, 2022 contractual transfer from Scott Probst; (b) a Quit Claim Deed recorded January 28, 2025 (Liber 4375, Page 846); (c) commercial liens recorded June 10, 2024; and (d) an Affidavit of Expungement recorded November 5, 2024 (Liber 4375, Page 844) that removed the 2023 Sheriff's Deed under MCL 565.451a and 565.451d.

Plaintiff was never properly joined and served as a named defendant in the underlying state summary proceeding (Comerica Bank v. Scott Probst, 60th District Court Case No. 24-059106-LT). He appeared and was repeatedly characterized by the courts only as an "occupant" claiming an interest.

Comerica Bank has never produced the original promissory note or any chain of custody for it. Under Carpenter v. Longan, the mortgage follows the note; without the note the mortgage is a nullity. The Michigan Supreme Court reaffirmed the same principle in Saurman. All orders, evictions, seizures, and conveyances predicated on that note-less foreclosure are therefore void ab initio. No Defendant has ever rebutted Plaintiff's affidavits of claim or moved to quiet title against him. That silence constitutes admission by silence, waiver, estoppel, and acquiescence.

### B. Post-Removal Void Orders – The Controlling Sequence

On or about June 28, 2024, a Notice of Removal was filed. Despite clear statutory divestiture under 28 U.S.C. § 1446(d) and actual notice, on July 3, 2024, Judge Maria Ladas Hoopes entered an order granting possession of the Property to Comerica Bank. That order is void ab initio.

On or about October 28 / November 1, 2024, another Notice of Removal was filed (Case No. 1:24-cv-1155). On November 4, 2024—while the federal removal remained pending and before any remand—Judge Paula B. Mathes signed an Order to Reopen Case and an Order for Summary Disposition and Judgment of Possession. Those orders fall squarely inside the removal interval and are void ab initio. Acevedo Feliciano, 589 U.S. at 63–65.

On November 7–8, 2024, this Court remanded. On November 14, 2024, Judge Mathes entered an order that purported to declare the November 4 order "valid and effective immediately." Under Acevedo Feliciano, a later order may not manufacture jurisdiction at an earlier date. A void order cannot be retroactively validated.

On August 13, 2025, Judge Mathes signed the eviction order. On August 15, 2025, Judge Hoopes (already recused) directed Court Officer Regan Leigh Higgs to execute the orders "immediately so they can't get into the courts to stop it." Higgs informed Plaintiff of this direction in the presence

of witness Johnny Aaron and executed the order on August 16, 2025, resulting in warrantless seizures, destruction of property, and removal of livestock.

## C. Judicial Pattern of Misconduct and Protection of the Enterprise

Judge Kenneth S. Hoopes allowed court officer/attorney Jason Kolkema to sign multiple affidavits as an "eyewitness" when Kolkema was not present (perjury and fraud on the court); failed to investigate a death threat yelled by Kolkema against elderly veteran Johnny Aaron; and, after Plaintiff challenged jurisdiction and the judge's authority under his oath in open court, ordered Plaintiff jailed (false imprisonment).

Judge Paula B. Mathes repeatedly characterized Plaintiff only as an "occupant," admitted title issues were beyond her jurisdiction yet continued enforcement, and entered judgment in a related matter despite Plaintiff's matured $6.5 million commercial lien and express jurisdictional challenge.

Judge Karen J. Miedema reopened a case that Scott Probst had voluntarily dismissed after filing a federal action, without notice or hearing, then dismissed claims against Judge Mathes, Attorneys Bayliss and Albu, and Court Officer Higgs with prejudice while keeping Comerica Bank. She also dismissed FOIA cases against Clerk Buie without factual basis.

Chief Judge Raymond J. Kostrzewa placed on the record that Plaintiff was correct that the November 1, 2024 removal divested the state court of jurisdiction, yet failed to dismiss the case or void the subsequent orders.

United States District Judge Paul L. Maloney has demonstrated absolute bias against Plaintiff, including in Susan Martin v. Springview Towers / Lillian Hannas by claiming Plaintiff was practicing law for others, and by holding up Dennis Davis's case against Federal Home Loan, denying equal protection and access to the courts. Maloney is sued solely in his individual capacity.

## D. Police Enforcement, Seizures, Perjury, and Spoliation

On August 16, 2025, Court Officer Higgs, directed by already-recused Judge Hoopes, took Plaintiff's crossbow without a valid court order, broke into and destroyed the gun cabinet belonging to Scott Probst, seized firearms, and removed Probst's personal livestock without any court order. Officers Cherney and Majeske participated in the void eviction and warrantless seizures. On September 11, 2025, after realtor Diane Jones (as agent for Comerica) expressly granted Plaintiff permission to return and retrieve belongings unsupervised, the same officers issued trespass citations. Consent negates the elements of trespass under Michigan law.

Officer Joshua Wise engaged in pretextual and retaliatory code enforcement, committed perjury on May 22, 2026 regarding vehicle postings and non-existent body-camera footage (confirmed non-existent by the prosecutor on August 19, 2026), and participated in chronological discrepancies.

Deputy Chief Greg Poulson refused to accept a criminal complaint against Judge Mathes, labeling the complainants part of a "sovereign movement." The department later claimed the video of the interaction had been destroyed (spoliation). Public Safety Director Brian Michelli failed to train officers on the limits of police power in civil matters, verification of court-order validity, and the prohibition on warrantless seizures, constituting deliberate indifference under City of Canton v. Harris, 489 U.S. 378 (1989).

### E. Prosecutorial Vacancy and Selective Prosecution (Incorporating the Record from the Consolidated Hilson Brief)

Dale J. Hilson is the elected Prosecuting Attorney of Muskegon County. His most recent constitutional oath was executed on or about November 20, 2024. Michigan Const. 1963, art. XI, § 1 requires every public officer, before entering upon the duties of office, to take and subscribe the constitutional oath: "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability."

MCL 49.42 provides in full that any assistant prosecuting attorney "shall before entering upon the duties of his office take and subscribe the oath of office prescribed by the constitution of this state and file the same with the county clerk of his county." The critical clause is mandatory. Filing inside the Prosecutor's Office does not satisfy the statute. MCL 49.41 independently requires that the appointment of an assistant "shall be in writing and filed with the clerk of his or her county." MCL 49.33 requires the prosecuting attorney, within 10 days after entering upon the duties of office, to file with the County Clerk a written statement of appointments designating the chief assistant and ranking all other assistants. MCL 201.3(7) provides that every office becomes vacant upon the officer's "refusal or neglect to take his oath of office, or to give, or renew any official bond, or to deposit such oath, or bond, in the manner and within the time prescribed by law."

The March 12, 2026 FOIA response from the Muskegon County Clerk confirmed that NO individual surety bonds were filed by any person in the Prosecuting Attorney's Office and that the required appointments were not properly filed. A blanket fidelity bond does not satisfy the individual bond requirement. Michigan State Police Incident Report No. 061-0009198-24 (opened November 7, 2024, closed June 8, 2025) documents that Defendant Hilson admitted assistant prosecutors' oaths are prepared, signed, and kept inside the Prosecutor's Office and are not filed with the County Clerk. The County Clerk confirmed that only elected officials' oaths are routinely filed with the Clerk. This is a direct admission that the statutory requirement of filing with the County Clerk has been systematically ignored. The defect is not technical; it is structural and continuous, and it continued after Defendant Hilson was placed on notice of the defect. The concrete record of the assistants includes the following (oath date / status / defect): Alexander K. Anhalt (July 15, 2024 – Not current – No filed current oath); Lauren J. Duguid (August 12, 2024 – Not current – No filed current oath); Timothy M. Maat, Chief Asst. (Dec. 14, 2020 – Void – No filed current oath); Heather H. Bloomquist, Sr. Asst. (Oct. 19, 2016 – Void); Matt J. Roberts, Chief

Trial Atty (Feb. 2017 – Void); Mary E. Farrell, Sr. Asst. (Feb. 27, 2017 – Void); Kathryn H. Norton, Sr. Asst. (May 11, 2015 – Void); Samantha J. Jonas, Asst. (Feb. 3, 2017 – Void); Amol A. Huprikar, Sr. Asst. (Dec. 14/15, 2020 – Void); Kellee A. Koncki, Asst. (Feb./Mar. 2023 – Void); Katherine T. Matlock, Asst. (April 21, 2024 – Not current); Gregory T. Boer, Asst. (Oct. 9, 2023 – Void); Jeremy R. Lambrix, Asst. (June 11, 2022 – Void); Kristyn M. Gilmore, Asst. (Mar. 15, 2021 – Void); John C. Keuvelaar, Asst. (Jan. 30, 2023 – Void); Briann A. Wilson, Asst. (Nov. 2022 – Void). Even those few assistants whose oaths post-date November 20, 2024 (Nicholas P. Gereaux, Jordan W. Swears, Holly A. Spoelman) have not been shown to have individual surety bonds or written appointments filed with the County Clerk under MCL 49.41. No current MCL 49.33 statement of appointments for the present term has been produced. Because the statutory conditions precedent to taking and holding office were never satisfied, ALL offices (including elected Prosecutor D.J. Hilson and all assistants) are VACANT under MCL 201.3(7). All actions taken by these individuals are void ab initio.

Despite the absence of current filed constitutional oaths and written appointments, Defendants Anhalt and Duguid have continued to appear in and advance criminal prosecutions against Plaintiff in the Muskegon County 60th District Court, including Case Nos. 25-FP11259-SM and 25-244536-SM. Plaintiff repeatedly challenged the jurisdiction and authority of the court and the prosecutors; those challenges were not addressed on the merits. Despite actual knowledge of the void eviction order, the unresolved jurisdictional challenge, the federal removal divestiture, Plaintiff's established ownership, and Comerica's lack of standing, the vacant Prosecuting Attorney's Office continued Plaintiff's prosecution while identical cases against Scott Probst were dismissed on June 9, 2026. On the record in open court, a statement was made by or on behalf of the Prosecutor's Office that "Probst has to get new friends," directly referring to Plaintiff. This selective prosecution and demonstrated animus constitute an overt act in furtherance of the enterprise.

County Clerk Karen Denise Buie, knowing she was about to be served and having signed her own summons, weaponized police on June 17, 2025 to prevent service of process, denying access to the courts. She further obstructed FOIA requests for oaths, bonds, and licenses.

### F. The Association-in-Fact RICO Enterprise

The Defendants formed and operated an association-in-fact enterprise under 18 U.S.C. § 1961(4) with a common purpose: to protect and effectuate Comerica's defective, note-less foreclosure and possession of the Property by any means necessary. The enterprise satisfies the structural requirements of Boyle v. United States, 556 U.S. 938 (2009): common purpose, relationships among associates demonstrated by concrete coordination, and multi-year longevity (at least 2019–2026). Predicate acts include perjury, fraud on the court, obstruction of justice, deprivation of rights under color of law (18 U.S.C. § 242 and 42 U.S.C. § 1983), standing fraud, and selective prosecution by a vacant office. Plaintiff has been injured in his business and property by reason of these violations and is entitled to treble damages under 18 U.S.C. § 1964(c).

## III. ARGUMENT

### A. The July 3, 2024 Start Date for Continuous Property Damages Is Legally Correct

28 U.S.C. § 1446(d) provides that, upon the filing of a notice of removal, "the State court shall proceed no further unless and until the case is remanded." The Supreme Court has held that orders entered by a state court after removal and before remand are void, not merely erroneous or voidable. Acevedo Feliciano, 589 U.S. at 63–65 (citing Kern v. Huidekoper, 103 U.S. 485 (1881), and Steamship Co. v. Tugman, 106 U.S. 118 (1882)). A later order cannot manufacture jurisdiction that did not exist on the earlier date.

The June 28, 2024 Notice of Removal therefore immediately stripped the 60th District Court of power to act. When Judge Maria Ladas Hoopes entered the July 3, 2024 possession order, she acted in the clear absence of all jurisdiction. That order is void ab initio. Every subsequent enforcement action that rests on it—including the physical eviction and seizures of August 16, 2025—is likewise void.

A possessory interest in real property is a protected property interest. Once that interest is seized under color of a void order, the deprivation continues every second the property remains withheld. Carey v. Piphus, 435 U.S. 247 (1978); Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986); MCL 600.2918.

### B. Detailed Continuous Damages Calculation (as of August 25, 2026)

Start date for continuous property deprivation: July 3, 2024 (00:00:00).

End date used for calculation: August 25, 2026 (00:00:00).

Total days: 783 days.

Total seconds: 67,651,200 seconds.

1. Property-interest damages at $1.00 per second: 67,651,200 × $1.00 = $67,651,200.00 (and continuing to accrue).

2. Liberty-interest damages at $10,000.00 per day: 783 × $10,000.00 = $7,830,000.00 (and continuing).

3. Combined base compensatory damages: $75,481,200.00 (and continuing).

4. RICO treble damages under 18 U.S.C. § 1964(c): Property component trebled $202,953,600.00; Liberty component trebled $23,490,000.00; Combined trebled amount $226,443,600.00 (and continuing to accrue until judgment or restoration of rights).

These figures are conservative. They do not yet include punitive damages, costs of defending against void proceedings, emotional-distress damages beyond the liberty metric, or attorney fees under 42 U.S.C. § 1988 and 18 U.S.C. § 1964(c).

## C. The Nine Discrete Constitutional-Rights Incidents – $1,500,000 Per Incident Per Defendant

In addition to (and consistent with) the continuous-damages measure, Plaintiff seeks $1,500,000.00 per incident per responsible Defendant for each of the nine constitutional-rights incidents defined in the supporting Brief and Affidavit of RICO Damages (corrected August 17, 2026) and the Damages Breakdown spreadsheet. All Defendants are sued jointly and severally.

Incident 1: Due Process – Entry of orders void ab initio after federal removals (28 U.S.C. § 1446(d)). Primary judicial actors: Judge Maria Ladas Hoopes and Judge Paula Baker Mathes.

Incident 2: Unlawful Eviction & Seizure – August 16, 2025 – treated as the execution of the void orders.

Incident 3: Equal Protection Violation – August 26, 2025 at Fruitport PD.

Incident 4: Ballot Interference – 2024.

Incident 5: Prosecutorial Malfeasance / Invalid Oaths & Lack of Standing.

Incident 6: Fraud on the Court – Improper Insertion of Fifth Third Bank.

Incident 7: Perjury by Jason Kolkema in affidavits; allowance of the fraud to continue (Kenneth S. Hoopes).

Incident 8: Perjury & Retaliatory Enforcement by Officer Joshua Wise – May 22, 2026.

Incident 9: Void Covenant Deed / Fraudulent Transfer – April 2026.

Specific per-defendant assignments and totals are set forth in the Damages Breakdown_1.5M_Per_Incident_Per_Defendant.xlsx. Multiple defendants are responsible for three incidents ($4,500,000 each); the matrix grand total exceeds $100,000,000 before any RICO trebling. The continuous and per-incident measures are complementary theories of recovery for the same underlying pattern of constitutional deprivations.

## D. Judicial Immunity Does Not Bar These Claims

Judicial immunity is overcome when a judge acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Entering a possession order after federal removal has divested the court is the paradigm of clear absence. Private parties who act in concert with state actors are fully liable under § 1983. Dennis v. Sparks, 449 U.S. 24 (1980). Attorneys who participate in fraud on the court or a RICO conspiracy are likewise liable. 18 U.S.C. § 1962(d).

## E. The RICO Enterprise Is Properly Pleaded

The Complaint alleges an association-in-fact enterprise with the three structural features required by Boyle v. United States, 556 U.S. 938 (2009): common purpose, relationships among associates, and longevity. The pattern of racketeering activity includes multiple predicate acts over a multi-

year period. Plaintiff's injury to business and property is directly caused by that pattern. Treble damages, costs, and attorney fees are therefore mandatory under 18 U.S.C. § 1964(c).

### F. Reservation of Right to Join Additional Attorney-Defendants

As set forth in Complaint ¶ 42A and the Prayer for Relief, Plaintiff expressly reserves and retains all rights to file a joinder motion under Fed. R. Civ. P. 19 and 20 to include as additional defendants any attorney who represents or has represented any named Defendant for the purpose of justifying, defending, or continuing the unlawful actions of any Defendant. Any such attorney who condones, supports, or participates in the Defendants' violations of the United States Constitution and the Michigan Constitution, who acts in violation of his or her own oath of office, or who lacks proper licensing to represent any individual within the State of Michigan, shall be named as an additional defendant for condoning and supporting treason against the Constitution and for the other violations alleged herein. This reservation is continuous throughout the pendency of this action.

### G. Pro Se Pleadings Are Entitled to Liberal Construction

Pro se pleadings are held to less stringent standards. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). The well-pleaded facts must be accepted as true and all reasonable inferences drawn in Plaintiff's favor. The foundational note defect and the post-removal jurisdictional nullities create clear factual disputes that preclude dismissal or summary disposition.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Accept the Complaint as stating plausible claims for relief under the governing standards;
2. Recognize July 3, 2024 as the legally correct start date for continuous property-deprivation damages;
3. Award compensatory damages in the continuous amounts calculated above ($75,481,200.00 base / $226,443,600.00 trebled as of August 25, 2026, and continuing) together with the $1,500,000 per-incident-per-defendant constitutional damages, all jointly and severally;
4. Declare the post-removal orders, Sheriff's Deed, Covenant Deed, and all derivative orders void ab initio;
5. Quiet title in Plaintiff's favor;
6. Grant permanent injunctive relief against further enforcement of the void orders;
7. Grant leave to join additional attorney-defendants who have participated in the fraud, constitutional violations, or support of treason against the Constitution; and
8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Ervin Joseph LaMie**
Plaintiff, Pro Se
P.O. Box 191, Muskegon, MI 49443
Telephone: 616-834-8912
Email: josephla50@yahoo.com
Dated: August 25, 2026

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length and formatting requirements of the Local Rules of the Western District of Michigan. The word count, exclusive of caption, signature block, and this certificate, is within the limits applicable to briefs supporting a complaint or dispositive motion.

Ervin LaMie Date: 08 / /2026